UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brice Joseph Driggers, | ) C/A No. 8:11-2643-RMG-JDA |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Alvin S. Glenn Detention Center; Director, Ronaldo Myers; and Et Al Who's Nam is Otherwise Unknown, | ) |
| Respondents. | ) |
| _____ | ) |

Petitioner, Brice Joseph Driggers ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee in the Alvin S. Glenn Detention Center ("ASGDC") in Columbia, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following

1

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## BACKGROUND

As previously stated, Petitioner is a pretrial detainee in a South Carolina local detention center facility. Petitioner alleges that he was arrested on July 26, 2011 by the City of Forest Acres Police Department and charged with three weapons violations (two counts of unlawful carrying of a pistol and one count of possession of a firearm by a prohibited person.[1] Petitioner alleges that he was lawfully in possession of the weapons, pursuant to the Second Amendment, and that he was illegally detained and searched and his property was illegally seized in violation of the Fourth, Fifth, and Fourteenth Amendments. Plaintiff alleges that he is currently being unlawfully detained at ASGDC by Respondents and asks the Court to issue a writ of habeas corpus. *See* ECF No. 1, p. 1-2.

## DISCUSSION

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, under certain circumstances, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case

---

[1] A review of the Richland County Fifth Judicial Circuit Public Index web site and the ASGDC offender information web site indicates that Petitioner was also arrested on two additional charges, *i.e.* public disorderly conduct and carrying a concealed weapon, not a pistol, *e.g.* dirk, metal knuckles, etc. *See* http://www4.rcgov.us/PublicIndex/Default.aspx and https://jail.richlandonline.com/public/default.aspx  (last visited October 13, 2011); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government Web sites are inherently authentic or self-authenticating).

3

pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 517 U.S. 1123 (1996) (citations omitted).

### Petition under § 2241 Not Proper

Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. Id. Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. *See also, Dickerson*, 816 F.2d at 228 (finding that a request for pretrial habeas relief cannot be considered before the state court has had an opportunity to rule on the issue).

In the present case, Petitioner can pursue his claims that he was lawfully in possession of the weapons, that he was illegally detained and searched, and that his property was illegally seized in violation of the Fourth, Fifth, and Fourteenth Amendments in state court, both during and after trial. Petitioner fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. See Younger, 401 U.S. at 43-44. Petitioner

is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

### Abstention Proper Under *Younger v. Harris*

The United States Supreme Court has stated that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *see also*, *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Id. at 43-44 (*internal citation omitted*).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). All three criterion are clearly established.

First, there are ongoing state judicial proceedings in this matter and important state interests are necessarily implicated. As our Supreme Court has stated, "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Further, our Supreme Court has found "that ordinarily a pending state prosecution provides the accused a 'fair

5

and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  Accordingly, abstention is proper in this case.

### RECOMMENDATION

Accordingly, it is recommended that the Petition be summarily dismissed, without prejudice and without requiring Respondents to file a return.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin
Jacquelyn D. Austin
United States Magistrate Judge

November 3, 2011
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).